IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HIBBETT PATIENT CARE, LLC,** *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0231-WS-C |
| | ) |
| **PHARMACISTS MUTUAL** | ) |
| **INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter, which was recently transferred to the undersigned's docket, comes before the Court *sua sponte* on preliminary screening of the Notice of Removal (doc. 1) and accompanying materials filed by defendant, Pharmacists Mutual Insurance Company.

Plaintiffs, Hibbett Patient Care, LLC, and Hibbett Patient Care II, LLC, commenced this action by filing a Complaint against Pharmacists Mutual in Mobile County Circuit Court. The Complaint alleges that Pharmacists Mutual issued a general liability insurance policy to Hibbett covering the period of December 22, 2013 through December 12, 2014, but that Pharmacists Mutual refused to provide defense and indemnification coverage when Hibbett was sued by Hibbett Sporting Goods, Inc. in the U.S. District Court for the Northern District of Alabama during the policy period. On that basis, Hibbett asserts claims against Pharmacists Mutual for breach of contract, bad faith / failure to investigate, and bad faith / denial of claim.

Earlier this month, Pharmacists Mutual removed the action to this District Court, citing both diversity jurisdiction and federal question jurisdiction. However, the Notice of Removal in its current form is not adequate to support either basis for federal subject matter jurisdiction. In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal


quotation marks omitted).[1] Accordingly, the undersigned enters this Order to identify those shortcomings in the Notice of Removal and to afford Pharmacists Mutual an opportunity to remedy them. *See, e.g., McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction."); *BankUnited v. Blum*, 2015 WL 328241, *1 (S.D. Fla. Jan. 26, 2015) ("The burden of establishing federal jurisdiction under 28 U.S.C. § 1441 rests with the party seeking removal."); *Shepherd v. State Farm Fire and Cas. Co.*, 2012 WL 3139752, *2 (N.D. Ala. July 30, 2012) ("The burden of demonstrating jurisdiction lies with the removing party.").

As noted, Pharmacists Mutual first maintains that federal jurisdiction lies pursuant to the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). It is impossible to discern from the Notice of Removal whether the complete diversity requirement is satisfied. Pharmacists Mutual states that it is "incorporated and domiciled in the State of Iowa and doing business in Mobile County, Alabama" (doc. 1, at 2); however, that showing is insufficient. By statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Notice of Removal reflects that Pharmacists Mutual is incorporated in Iowa, but is silent as to the location of its principal place of business; therefore, defendant's citizenship for diversity purposes is indeterminate from the Notice of Removal.

The situation is even murkier with respect to plaintiffs' citizenship. According to the Complaint, both Hibbett Patient Care, LLC, and Hibbett Patient Care II, LLC are Alabama limited liability companies. Under Eleventh Circuit precedent, for diversity of citizenship purposes, an unincorporated association such as the Hibbett LLCs is a citizen of any state of

---

[1] *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (similar); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

which any member of the entity is a citizen.  *See, e.g., Osting-Schwinn*, 613 F.3d at 1086 (recognizing that, in contrast to corporations, "unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen").  Thus, in order to allege diversity of citizenship properly in a case involving an unincorporated business entity, "a party must list the citizenships of all the members of the limited liability company."  *Rolling Greens*, 374 F.3d at 1022.  The Notice of Removal properly recognizes this legal standard, and even cites *Rolling Greens*, but fails to make the requisite showing.  The Notice of Removal says nothing about the identities (much less the citizenship) of the Hibbett LLCs' members; therefore, it falls short of establishing diversity jurisdiction.  *See Osting-Schwinn*, 613 F.3d at 1092-93 (reversing and remanding case where district court had not required unincorporated association to plead citizenship of all of its members in order to establish subject matter jurisdiction).

In the alternative, Pharmacists Mutual asserts that removal jurisdiction is properly predicated on the federal question provisions of 28 U.S.C. § 1331.  The problem with this contention is that the Hibbetts' claims against Pharmacists Mutual as set forth in the Complaint consist of exclusively state-law causes of action for breach of contract and bad faith.  Typically, "a defendant may remove on the basis of federal question jurisdiction only where that question appears on the face of the plaintiff's complaint."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n.20 (11th Cir. 2010).  On its face, the Hibbetts' Complaint does not interpose a federal cause of action, nor do any of their claims purport to arise under the Constitution, laws or treaties of the United States.

In asserting that § 1331 jurisdiction exists, Pharmacists Mutual references the underlying lawsuit against Hibbett (*i.e.*, the dispute for which Hibbett demanded coverage from Pharmacists Mutual, for which Pharmacists Mutual denied coverage, leading to this insurance coverage lawsuit).  Specifically, Pharmacists Mutual notes that the underlying lawsuit included federal claims for violation of the Lanham Act, unfair competition and cybersquatting.  (*See* doc. 1, Exh. C.)  It appears that Pharmacists Mutual is attempting to invoke the line of authority pursuant to which, even in the absence of a federally created cause of action, "in limited circumstances,

federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998); *see also Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312, 125 S.Ct. 2363, 162 L.Ed.2d 257 (2005) ("a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law"). In that regard, the Supreme Court has explained that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, --- U.S. ----, 133 S.Ct. 1059, 1065, 185 L.Ed.2d 72 (2013). There is no indication in the Notice of Removal, however, that the state-law breach of contract and bad-faith claims asserted in the Hibbetts' Complaint turn on substantial questions of federal law. Stated differently, Pharmacists Mutual has not shown that it will be necessary for this Court to address substantial disputed questions of federal trademark infringement, unfair competition and/or cybersquatting laws in order to adjudicate the purely state-law contract and bad-faith claims interposed in the operative Complaint in this removed case. Accordingly, the Notice of Removal does not make an adequate showing that federal question jurisdiction properly lies here.

In light of the foregoing, Pharmacists Mutual is **ordered** to supplement its Notice of Removal, on or before **June 14, 2016**, with a memorandum, supported by exhibits and legal authority as appropriate, sufficient to meet its burden of showing that federal removal jurisdiction exists over this matter. Absent such a supplemental showing, this action may be summarily remanded to the Circuit Court of Mobile County for want of jurisdiction.

DONE and ORDERED this 31st day of May, 2016.

s/ WILLIAM H. STEELE  
CHIEF UNITED STATES DISTRICT JUDGE